Filed 3/12/24  P. v. Johnson CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099363 |
| Plaintiff and Respondent, | (Super. Ct. No. 01F02481) |
| v. | |
| WALTER JOHNSON, | |
| Defendant and Appellant. | |

Defendant Walter Johnson appeals from the denial of his postconviction petition for relief under Penal Code section 1172.6.[1]  Counsel for defendant filed a brief seeking our independent review under *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) to determine whether there are any

---

[1]    Further undesignated statutory references are to the Penal Code.

Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6.  (Stats. 2022, ch. 58, § 10.)  There were no substantive changes to the statute.  Defendant filed his petition under former section 1170.95, but we will cite to the current section 1172.6 throughout this opinion.

1

arguable issues on appeal. Defendant also filed a supplemental brief in propria persona. Rejecting defendant's claims of error, we will affirm.

BACKGROUND

In 2002, a jury found defendant guilty of the premeditated attempted murder of his wife using a deadly weapon, assaulting her friend with that deadly weapon, and residential burglary. (§§ 664/187, subd. (a), 245, subd. (a)(1), 459, 12022, subd. (b).) The jury also found defendant inflicted great bodily injury on each victim under circumstances involving domestic violence. (§ 12022.7, subd. (e).) The trial court sentenced defendant to life in prison plus a 15-year determinate term. (*People v. Johnson* (Feb. 8, 2005, C042532) [nonpub. opn.] (*Johnson*).)

Briefly, defendant and R.R. were married for four years and lived at R.R.'s house.[2] While defendant was in prison, R.R. informed defendant she decided to leave him. In response, defendant threatened to stalk, hurt, or kill her. (*Johnson, supra*, C042532.)

When defendant was released from prison, he went to R.R.'s home, where she awoke in bed to see him standing over her holding a night stick. R.R.'s friend was sleeping next to her. Defendant hit the friend in the head and face with the nightstick. When R.R. screamed, defendant hit R.R. in the head and face, and she passed out. When she regained consciousness, defendant was gone. (*Johnson, supra*, C042532.)

Defendant claimed he was not upset about the breakup, and he was staying with friends the night of the attack. (*Johnson, supra*, C042532.)

Defendant appealed his conviction, and another panel of this court affirmed the judgment. (*Johnson, supra*, C042532.)

---

[2]     We provide this brief factual summary solely for the purpose of summarizing the background of this case; our consideration of whether defendant stated a prima facie case under section 1172.6 is based on our independent review of the record of conviction. (See *Delgadillo, supra*, 14 Cal.5th at p. 222, fn. 2.)

2

Defendant filed an initial petition under section 1172.6 in 2020, which was denied. At the time, section 1172.6 did not include attempted murder.

In December 2022, defendant filed a second petition under section 1172.6 to have his attempted murder conviction vacated and to be resentenced. Following the appointment of counsel, and the receipt of briefing, which contained our prior opinion and the jury instructions and verdicts, the trial court denied the petition, finding the defendant "was the actual attempted killer and acted with the intent to kill" and the jury was not instructed "on the natural and probable consequences doctrine, felony murder, [or] any other instruction that would impute malice solely based on participation."

Defendant timely appealed.

### DISCUSSION

Under *Delgadillo*, we must "evaluate the specific arguments presented in [defendant's supplemental brief]," but we are not compelled to undertake an "independent review of the entire record to identify unraised issues." (*Delgadillo, supra*, 14 Cal.5th at p. 232.) We proceed accordingly.

In his supplemental brief, defendant raises multiple arguments that his trial counsel provided him with ineffective assistance during the trial in failing to introduce impeachment evidence against one witness, failing to disclose potentially exculpatory evidence, and failing to secure an audiotape of a jailhouse conversation referenced at trial. Defendant also argues the trial court erred in failing to provide the jury with a cautionary instruction about the jailhouse audiotapes. We decline to consider any of these alleged errors in this appeal because section 1172.6 "does not permit a petitioner to establish eligibility on the basis of alleged trial error." (*People v. DeHuff* (2021) 63 Cal.App.5th 428, 438.)

In ruling on petitions under section 1172.6, trial courts are permitted to review the record of conviction at the prima facie stage to determine whether a petitioner is ineligible for relief as a matter of law. (*People v. Lewis* (2021) 11 Cal.5th 952, 971-972.)

3

The record of conviction includes the jury instructions provided at the petitioner's trial. (See *People v. Harden* (2022) 81 Cal.App.5th 45, 52 ["if the record shows that the jury was not instructed on either the natural and probable consequences or felony-murder doctrines, then the petitioner is ineligible for relief as a matter of law"].)

On the merits, section 1172.6 permits resentencing of attempted murder convictions only if the person was convicted of "attempted murder under the natural and probable consequences doctrine." (§ 1172.6, subd. (a).) The jury in defendant's trial was not given a natural and probable consequence instruction, and instead was required to find defendant personally harbored the intent to kill to find him guilty of attempted murder. (See CALJIC No. 8.66.) We agree with the trial court that these instructions mean the jury necessarily found defendant guilty of attempted murder under a valid theory, and defendant remains ineligible for relief as a matter of law. (See *People v. Harden, supra*, 81 Cal.App.5th at p. 52.)

## DISPOSITION

The trial court's order denying defendant's petition for resentencing under section 1172.6 is affirmed.

/s/<br>
EARL, P. J.

We concur:

/s/
HULL, J.

/s/
WISEMAN, J.*

---

\*      Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4